J-S20036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JONATHAN MITCHELL | : | |
| | : | |
| Appellant | : | No. 2080 EDA 2022 |

Appeal from the Judgment of Sentence Entered July 12, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004480-2018

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED AUGUST 22, 2023**

Jonathan Mitchell appeals from the judgment of sentence imposed following the revocation of his probation, which resulted in a one-to-two-year term of incarceration to be followed by one year of probation. On appeal, Mitchell challenges the discretionary aspects of this sentence, averring that the court failed to consider all of the relevant sentencing guidelines. Specifically, Mitchell contends that the court's lack of consideration into his overall danger to the community and rehabilitative needs resulted in too excessive of a sentence. We disagree and therefore affirm, but remand for the court to file a new sentencing order that is consistent with the sentence originally imposed on June 1, 2022.

As background, the record reflects that Mitchell entered into a non-

---

[*] Retired Senior Judge assigned to the Superior Court.

negotiated guilty plea on January 22, 2020, wherein he pleaded guilty to one count of aggravated assault stemming from a May 28, 2018 incident involving the use of a machete on the victim's left ankle. *See* 18 Pa.C.S. § 2702. Resultantly, on July 9, 2020, the court imposed a sentence of time served to twenty-three months of incarceration to be followed by three years of probation, predicated on his cooperation with the probation department's mental health unit. By that point, however, Mitchell "had been in custody approximately 26 months." Trial Court Opinion, 9/22/22, at 2. As such, he was immediately released from incarceration, identified by the court as it "granting [Mitchell] immediate parole," *id*., at 3, and Mitchell then began serving his term of probation.

On November 20, 2020, the court conducted its first violation of probation ("VOP") hearing. Subsequently, the court conducted seven additional VOP hearings due to issues stemming from Michell's noncompliance with the terms of his probation, but at each of these junctures, probation was continued. Ultimately, due to Mitchell's inability to adhere to his probation's terms regarding drug and mental health treatment, e.g., testing positive for cocaine usage, in addition to an out-of-county arrest and sentencing, the court revoked probation on June 1, 2022, and immediately sentenced Mitchell to one-to-two years of incarceration to be followed by one year of probation.

On June 8, 2022, Mitchell filed a timely motion for reconsideration of this newly imposed post-revocation sentence. The court, on June 29, 2022, filed an order simultaneously vacating its judgment of sentence and

scheduling the matter for a new sentencing hearing on July 12, 2022. **See** 42 Pa.C.S. § 5505 (trial court may rescind any order within 30 days after its entry if no appeal has been taken therefrom). On that July date, the court issued an order that purported to deny Mitchell's motion for reconsideration, further writing "[s]ame sentence to stand." Order Denying Motion for Reconsideration, 7/12/22. The court did not issue a new sentencing order. Responsively, Mitchell filed yet another motion for reconsideration of his sentence, which, on August 10, 2022, was denied by the lower court. On that same date, Mitchell filed a notice of appeal from the July 12 Order.[1]

On appeal, Mitchell presents one issue for review:

1. Was the court's imposition of a state sentence excessive, as it was not only disproportionate to his violating conduct, but also violative of Pennsylvania Sentencing Code's subsection 9721(b)?

**See** Appellant's Brief, at 3.

_____

[1] On October 19, 2022, this Court issued an order directing Mitchell to show cause why this appeal should not be quashed as having been taken from the July 12, 2022 order, which purported to deny Mitchell's motion for reconsideration and was not entered on the docket as a judgment of sentence. Mitchell's response indicates that the trial court intended, through its July 12, 2022 order, for Mitchell to serve the one-to-two-year VOP sentence imposed on June 1, 2022, but that was subsequently vacated. The rule to show cause was thereafter vacated, and the issue was referred to the merits panel. Upon review of the record here, including the transcript of the July 12, 2022 hearing, and as evidenced in the briefs filed in this appeal, it is clear that the trial court intended to reimpose the June 1, 2022 sentence. Nevertheless, in light of the procedural peculiarity of the proceedings below and as discussed further, *infra*, we remand the matter for the court to issue a new sentencing order that is congruent with its original sentencing scheme.

Mitchell's sole claim challenges the discretionary aspects of his sentence.[2] Correspondingly, to review such a claim, we are guided by a well-settled standard of review:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill[-]will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Moye***, 266 A.3d 666, 676-77 (Pa. Super. 2021) (citation omitted).

Prior to our examination of Mitchell's substantive claim, however, we note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." ***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014). As such, "[a]n appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." ***Id***.

The four-part test requires an appellant to demonstrate that:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the

---

[2] As Mitchell was sentenced following the revocation of his probation, the sentencing guidelines do not apply to his sentence. ***See*** 204 Pa. Code § 303.1(b). However, a sentencing court is still required to "consider the general principles and standards of the Sentencing Code." ***Commonwealth v. Russell***, 460 A.2d 316, 322 (Pa. Super. 1983).

appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). In establishing a "substantial question," an appellant must set "forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted); *see also* 42 Pa.C.S. § 9721(b) (requiring a sentence of confinement to be consistent with "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant[ ]"). If there is satisfaction of an appellant's obligations under the four-part test, this Court will then review the underlying discretionary aspects of sentencing issue predicated on an abuse of discretion standard. *See Commonwealth v. Akhmedov*, 216 A.3d 307, 328-29 (Pa. Super. 2019) (*en banc*).

Given that Mitchell filed both the appropriate post-sentence motion and a timely notice of appeal and, too, through his inclusion of a concise Rule 2119(f) statement in his brief, *see* Appellant's brief, at 8-10, we conclude that he has satisfied the first three requirements of the four-part test. As such, we must ascertain whether that Rule 2119(f) statement contains a substantial question.

In his Rule 2119(f) statement, he argues that his "sentence was

disproportionate to his violating conduct[,]" that the court "took no account of [his] mitigating circumstances, specifically his mental illness[,]" and that he "was not a danger to the community[.]" *Id*., at 8. As a result of these actions, "[t]he lower court violated the Sentencing Code[, specifically Section 9721(b),] and imposed an excessive sentence contrary to the fundamental norms which underlie the sentencing process." *Id*. Accordingly, Mitchell asserts that he has raised a substantial question.

Section 9721(b) of the Sentencing Code indicates that the "sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In prior cases, we have determined that a substantial question exists where the contention is that a sentencing court failed to consider Section 9721(b) factors. *See, e.g.*, *Commonwealth v. Derry*, 150 A.3d 987, 994-95 (Pa. Super. 2016) (concluding that a VOP court's failure to consider Section 9721(b) factors presents a substantial question). As Mitchell has raised a substantial question, we may proceed to review the merits of his argument on appeal.

Specifically in the context of post-VOP sentencing,

[u]pon revoking probation, "the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b). Thus, upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the

probationary sentence, although once probation has been revoked, the court shall not impose a sentence of total confinement unless it finds that:

> (1) the defendant has been convicted of another crime; or
>
> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

**Commonwealth v. Pasture**, 107 A.3d 21, 27-28 (Pa. 2014). "Moreover, 42 Pa.C.S. § 9721(b) specifies that in every case following the revocation of probation, 'the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.' **See also** Pa.R.Crim.P. 708(C)(2) (indicating at the time of sentence following the revocation of probation, '[t]he judge shall state on the record the reasons for the sentence imposed.')." **Pasture**, 107 A.3d at 28 (footnote omitted).

> However, following revocation, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statutes in question. Simply put, since the defendant has previously appeared before the sentencing court, the stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. The rationale for this is obvious. When sentencing is a consequence of the revocation of probation, the trial judge is already fully informed as to the facts and circumstances of both the crime and the nature of the defendant[.]

**Id**.

In contesting the court's lack of contemplation of mitigating circumstances, Mitchell's excessiveness claim has two components: (1) he was not a danger to the community; and (2) the court did not consider his rehabilitative needs. **See** Appellant's Brief, at 16-18. As to the former contention, Mitchell observes that, after a series of status hearings, which featured a series of probation continuances from the court, his probation officers "never recommended incarceration." **Id**., at 16. As to the latter assertion, the court "gave no consideration that [his] mental illness was a contributing factor to his noncompliance. Nor did the lower court explain how prison would address [his] rehabilitative needs." **Id**., at 17.

In response, the court found that its VOP sentence "was strictly within the range" for the aggravated assault charge in which Mitchell had originally been convicted. Trial Court Opinion, 9/22/22, at 5; **see also** 18 Pa.C.S. § 106(b)(3) (providing that a second-degree felony carries a maximum sentence of "not more than ten years"). The court then outlined the eight VOP hearings that were replete with examples of Mitchell's "continued failure to comply with probation and related violations." Trial Court Opinion, 9/22/22, at 6. However, the parties "requested the [c]ourt to continue probation to allow [Mitchell] additional opportunities to attend drug treatment and mental health services." **Id**. In the penultimate hearing preceding revocation, Mitchell was "pointedly advised … this was his 'last chance' or his probation [would] be revoked." **Id**.

At the VOP hearing, the court reviewed with Mitchell its prior continuances of his probation. Specifically, the court highlighted its prior continuation order: "[The court's] order is clear: Probation continued. Granted, defendant is ordered to comply with the rules of Northeast Mental Health. That was a CRR program. It is very clear. He is to comply or his probation will be revoked. … This is defendant's last chance." VOP Hearing, 6/1/22, at 16-17. The court then asked Mitchell, regarding his failure to comply with that order, "[d]id I say – did I say five words to you, 'I will lock you up?'" *Id*., at 17. Mitchell responded, "[y]es, you did, Your Honor." *Id*., at 18. The court continued: "If there was noncompliance, [the court] was not continuing probation any further in this case. Probation has been continued in an effort for treatment with drug compliance since June of 2020." *Id*. After revoking his probation, the court then inquired, "is there a specific facility that can address his treatment?" *Id*., at 18-19. The court incorporated the Commonwealth's response, specifically recommending "SCI Waymart for mental health and substance abuse issues." *Id*., at 19. After that, the court, in discussing its imposition of probation as a component of the post-revocation sentence, indicated its desire that Mitchell receive treatment from the "mental health unit" of the probation office. *Id*., at 19-20.

While the court did not discuss, with any specificity, Mitchell's overall danger to the community, it was apprised of all of the relevant facts necessary to craft the sentence that it did. *See, e.g*., *id*., at 6 (demonstrating, for

example, that the Commonwealth advised the court that Mitchell had pleaded guilty to disorderly conduct in another county while on probation in the present matter). Moreover, the court's sentence, through its very construction, unequivocally establishes that it was concerned with Mitchell's rehabilitative needs. The sentence explicitly allows for him to receive adequate treatment with the anticipation of helping his admitted "drug problem." *Id*., at 18. Mitchell does not contest whether he violated the terms of his probation. Instead, he challenges the court's imposition of a term of incarceration. In giving credence to the wide amount of deference afforded to the sentencing court and when juxtaposed against both Mitchell's transgressions leading to probation revocation as well as the court's concern over his prospective drug treatment, the court thoroughly considered his rehabilitative needs in sentencing him. As such, it did not abuse its discretion in imposing a sentence of one to two years of incarceration to be followed by one year of probation.

Notwithstanding our affirmation of Mitchell's judgment of sentence, we note the procedural irregularity necessitating remand. Having already vacated the sentence it imposed on June 1, 2022, the court, on July 12, 2022, denied Mitchell's motion for reconsideration of that sentence. The court then wrote in its July 12, 2022 order: "[s]ame sentence to stand." Order Denying Motion for Reconsideration, 7/12/22. In essence, then, despite all parties acknowledging the court's original June 1, 2022 order as the one currently governing Mitchell's sentence, there is no actual judgment of sentence order of record

- 10 -

that sets forth the terms of the sentence that Mitchell is currently serving. Accordingly, we remand for the court to issue a new sentencing order that materially reflects its prior June 1, 2022 order.

Judgment of sentence affirmed. Case remanded for the filing of a new sentencing order. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2023